## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 15 |
| ABENGOA, S.A., *et al.*,[1] | ) | |
| | ) | Case No. 16-10754 (   ) |
| | ) | |
| Debtors in a Foreign Proceeding. | ) | (Joint Administration Requested) |
| | ) | |

## MOTION FOR ORDER SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE OF HEARING ON CHAPTER 15 PETITION AND RECOGNITION AND RELATED RELIEF

Christopher Morris, in his capacity as the duly authorized foreign representative (the **"Foreign Representative"**) of foreign debtors, Abengoa, S.A. and its related subsidiaries and affiliates (the **"Foreign Debtors"**), in a foreign proceeding (the **"Spanish Proceeding"**) pending in the Commercial Court in Seville, Spain (the **"Spanish Court"**), by and through his undersigned counsel, respectfully submits this *Motion for Order Specifying Form and Manner of Service of Notice of Hearing on Chapter 15 Petition and Recognition and Related Relief* (the **"Motion"**) in accordance with sections 105(a), 1514, and 1515 of title 11 of the United States Code (the **"Bankruptcy Code"**) and Rules 2002, 9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), requesting entry of an order substantially in the form annexed hereto as Exhibit A (the "**Order**") (i) approving the notice in the form annexed

---

[1]     The last four digits of the Employer Identification Number or Spanish Tax Number, as appropriate, for each debtor follow in parentheses: Abengoa, S.A. (7844); Abeinsa Asset Management, S.L. (formerly Abener Inversiones, S.L.) (4597); Abeinsa Inversiones Latam, S.L. (formerly Dimange Inversiones 2009, S.L.) (9680); Abeinsa, Ingeniería Y Construcción Industrial, S.A. (1355); Abencor Suministros S.A. (9461); Negocios Industriales Y Comerciales, S.A. (5977); Abener Energía, S.A. (1759); Abengoa Bioenergía, S.A. (3249); Abeinsa Infraestructuras Medio Ambiente, S.A. (formerly Befesa Agua) (0792); Abengoa Finance, S.A. (0266); Abengoa Concessions, S.L. (8044); Abengoa Solar España, S.A. (formerly Solúcar Energía, S.A.) (5314); Abengoa Solar New Technologies S.A. (formerly Solúcar, Investigación y Desarrollo (Solúcar, R&D), S.A.) (2116); Abentel Telecomunicaciones, S.A. (0178); Asa Desulfuración, S.A. (formerly Befesa Desulfuración, S.A.) (0823); Bioetanol Galicia, S.A. (2146); Ecoagrícola, S.A. (1986); Instalaciones Inabensa, S.A. (2466); Europea de Construcciones Metálicas, S.A. (1303); Siema Technologies, S.L. (formerly Telvent Corporation) (3340); Teyma, Gestión De Contratos De Construcción E Ingeniería, S.A. (5852); Abengoa Water, S.L. (formerly Befesa Water Projects S.L) (6958); Abengoa Solar S.A. (formerly Solúcar Solar) (9982); Abengoa Greenfield S.A.U. (3677); Abengoa Greenbridge, S.A.U. (8452).

hereto as <u>Exhibit B</u> (the "**Notice**") and (ii) specifying the manner of service of the Notice, including by way of publication.  In support of the Motion, the Foreign Representative respectfully states as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over these cases under sections 1334 and 157 of Title 28 of the United States Code and the "Amended Standing Order of Reference" of the United States District Court for the District of Delaware (Sleet, C.J.), dated February 29, 2012.

2.      The Foreign Representative has properly commenced these cases under sections 1504 and 1515 of the Bankruptcy Code.  This Petition is a core proceeding under section 157(b)(2)(P) of Title 28 of the United States Code.

3.      The Foreign Debtors have their principal assets in this district by virtue of Abengoa, S.A.'s direct or indirect ownership in numerous Delaware companies formed as corporations, limited liability companies, and general partnerships.  Additionally, the Foreign Debtors have deposited a retainer with DLA Piper LLP (US) in which each has a pro rata ownership interest.  These funds are held in a Wells Fargo bank account in the state of Delaware in accordance with Delaware Rule of Professional Responsibility 1.5.  (*See* Martin Decl. ¶ 4.) Additionally, certain of the Foreign Debtors are parties to or guarantors of bonds issued under contracts and agreements governed by U.S. law.  Abengoa, S.A. is also a party to various pending legal actions in different states around the country.

4.      Venue for these cases is proper in this Court under sections 1410(1) and 1410(3) of Title 28 of the United States Code because the principal assets of the Foreign Debtors in the United States are located in this judicial district.  Additionally, venue in this district is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought

by the Foreign Representative.

5.       The statutory predicates for the relief requested in this Motion are sections 105(a), 1514, and 1515 of title 11 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007.

## BACKGROUND

6.       This Motion is brought in connection with the *Verified Petition Under Chapter 15 for Order and Final Decree Granting  Recognition of Foreign Main Proceedings and Permanent Injunctive and Other Related Relief* (the **"Petition"**) filed today.  The Foreign Representative incorporates by reference the Petition, the *Declaration of R. Craig Martin Regarding Determination of Foreign Law* ("**Martin Declaration**"), and the *Declaration of Borja Fernández de Troconiz in Support of Verified Petition Under Chapter 15 for Order and Final Decree Granting  Recognition of Foreign Main Proceedings and Permanent Injunctive and Other Related Relief* (the "**Fernández Declaration**"), as if fully set forth herein.

7.       The Foreign Representative also filed today a motion seeking joint administration of the Debtors' chapter 15 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 for administrative purposes only.

## RELIEF REQUESTED

8.       In accordance with section 1514 of the Bankruptcy Code and Bankruptcy Rule 2002(q), the Foreign Representative respectfully requests approval of the Notice by this Court under Bankruptcy Rules 9007 and 9008 and the manner of the service of the Notice **(a)** by United States mail, first-class postage prepaid or by overnight courier on or before April 4, 2016 or within three (3) business days of the entry of the Order granting this Motion on (i) the Office of the United States Trustee; (ii) all affiliates of the Foreign Debtors that have bankruptcy proceedings pending in the United States as of the commencement of these chapter 15 cases; (iii)

all parties to any litigation in which any of the Foreign Debtors is a party and that is pending in the United States as of the commencement of these chapter 15 cases; (iv) all known creditors and all other parties against whom relief is sought (or upon their counsel) with addresses in the United States or with foreign addresses and **(b)** by publication of the Notice in *The Wall Street Journal* (Global Edition) within ten (10) business days.

9.     The proposed form of Notice and manner of service set forth in the above paragraph complies with section 1514 of the Bankruptcy Code and Bankruptcy Rules 1010, 2002(q)(1), and 7004(a).  The Foreign Representative also requests that the Court declare that no summons is required for the Petition.  Bankruptcy Rule 2002(q) requires that parties must have notice twenty-one (21) days prior to a hearing on recognition of a petition under chapter 15 of the Bankruptcy Code.  FED. R. BANKR. P. 2002(q)(1).  However, Bankruptcy Rule 1011(b) provides that any party objecting to a chapter 15 petition has twenty-one (21) days from service "of the summons" in which to respond.  FED. R. BANKR. P. 1011(b).  Service of a summons is only required with respect to petitions for recognition of a foreign nonmain proceeding.  *See* FED. R. BANKR. P. 1010(a).  The Foreign Representative, by the Petition, seeks recognition of the Spanish Proceeding as a foreign main proceeding.  Accordingly, no summons is required for the Petition.

10.     In addition, section 1514(c) of the Bankruptcy Code states that when "a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . "  11 U.S.C. § 1514(c).  The Foreign Representative respectfully requests that such requirements presently be waived in this matter because any claims process will be established in the Spanish

- 4 -

Proceeding and ample notice of all relevant claim bar dates and related filing requirements will be provided in the Spanish Proceeding.  The Foreign Representative reserves his right to move for the creation of a bar date in these chapter 15 cases in connection with the Spanish Proceeding for any claims deadline in the U.S. proceedings.

11.     The Foreign Representative respectfully requests that any subsequent notice in theses proceeding be served in accordance with Bankruptcy Rule 2002(q) or as otherwise required by the Bankruptcy Code and Bankruptcy Rules.

12.     The Foreign Representative respectfully requests that if any party files a notice of appearance in this case, the Foreign Representative shall serve the Notice and any subsequent notices upon such party within ten (10) days after the filing of such notice of appearance if such documents have not been already served on such party (or its counsel).

13.     The Foreign Representative respectfully requests that the Court require that motions, answers, or objections, if any, in response to the Notice or any documents annexed thereto must be in writing, describe the basis therefor, and be (a) filed with the Office of the Clerk of the Court, 824 Market Street, Third Floor, Wilmington, Delaware, 19801 and (b) served upon counsel for the Foreign Representative, DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, DE 19801, <u>Attn</u>: Craig Martin and 203 N. LaSalle, Suite 1900, Chicago, Illinois 60010, <u>Attn</u>: Richard Chesley, so as to be received on or before 4:00 p.m. ET seven (7) days prior to the Recognition Hearing.

14.     The Court has granted requests for similar relief under section 1514(c) in other chapter 15 cases.  *See, e.g., In re Energy Coal S.P.A.*, No. 15-12048 (LSS) (Bankr. D. Del. Oct. 8, 2015) [D.I. 25] (order stating that all notice requirements specified in section 1514(c) are waived or otherwise deemed inapplicable to the chapter 15 cases); *In re Zodiac Pool Solutions*

- 5 -

*SAS*, No. 14-11818 (KJC) (Bankr. D. Del. Aug. 1, 2014) [D.I. 19] (order stating that all notice requirements specified in section 1514(c) of the Bankruptcy Code are waived); *In re Essar Steel Algoma Inc.*, No. 14-11730 (BLS) (Bankr. D. Del. July 17, 2014) [D.I. 30] (order stating that all notice requirements specified in section 1514(c) are waived or otherwise deemed inapplicable to the chapter 15 cases); *In re Lone Pine Res. Inc.*, No. 13-12487 (BLS) (Bankr. D. Del. Sept. 26, 2013) [D.I. 17] (same); *In re Arctic Glacier Int'l Inc.*, No. 12-10605 (KG) (Bankr. D. Del. Feb. 23, 2012) [D.I. 30] (same); *In re Angiotech Pharm. Inc.*, No. 11-10269 (KG) (Bankr. D. Del. Jan. 31, 2011) [D.I. 25] (same).


*[The remainder of this page is intentionally left blank]*

WHEREFORE, the Foreign Representative respectfully requests that this Court grant this Motion and enter the Order, (i) approving the manner and form of the Notice, (ii) specifying the manner of service of the Notice, and (iii) granting such other and further relief as is appropriate under the circumstances.

Dated:  Wilmington, Delaware
          March 28, 2016

Respectfully submitted,

**DLA PIPER LLP (US)**

By:    */s/ R. Craig Martin*
R. Craig Martin, Esq. (Bar No. 5032)
1201 North Market Street, 21st Floor
Wilmington, DE 19801
Telephone: 302.468.5700
Facsimile:  302. 778.7834
E-mail: Craig.Martin@dlapiper.com

- and -

Richard A. Chesley, Esq.
Oksana Koltko Rosaluk, Esq.
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
Telephone: 312.368.4000
Facsimile: 312.236.7516
E-mail: Richard.Chesley@dlapiper.com
          Oksana.KoltkoRosaluk@dlapiper.com

*Attorneys for Foreign Representative of Foreign Debtors, Abengoa, S.A. and its related subsidiary petitioners*

EAST\122867517.2