IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Abengoa, S.A., *et al.*,<br><br>　　　　　　　　Debtors. | Chapter 15<br><br>Case No. 16-10754 (KJC)<br><br>Jointly Administered<br><br>RE:  D.I. No. 143 |

**OBJECTION OF AIG INSURANCE COMPANY – PUERTO RICO TO
MOTION OF THE FOREIGN REPRESENTATIVE FOR AN ORDER UNDER
11 U.S.C. §§ 1507 AND 1521 RECOGNIZING AND ENFORCING THE ORDER
OF THE SPANISH COURT HOMOLOGATING A RESTRUCTURING
AGREEMENT AND GRANTING RELATED RELIEF**

AIG Insurance Company – Puerto Rico ("AIG"), by and through its undersigned co-counsel, hereby files this Objection (the "Objection") to the motion of the Foreign Representative for an order under 11 U.S.C. §§ 1507 and 1521 recognizing and enforcing the order of the Spanish Court homologating a restructuring agreement and granting related relief (the "Recognition and Enforcement Motion") (Docket No. 143), and states as follows:

**Background**

1.　On March 28, 2016 and March 29, 2016 (the "Petition Date"), Abengoa, S.A., and certain of its related subsidiaries and affiliates (collectively, the "Foreign Debtors") filed petitions for relief under Chapter 15 of the Bankruptcy Court in the United States Bankruptcy Court for the District of Delaware. The Debtors' Chapter 15 cases are jointly administered under Case No. 16-10754 (Abengoa, S.A.) (Docket No. 18).

2.　On March 29, 2016, Christopher Morris, in his capacity as the duly authorized foreign representative of the Foreign Debtors (the "Original Foreign Representative") filed a Motion seeking entry of an order recognizing as a foreign main proceeding (i) a "5 bis notice proceeding" filed on November 25, 2015 by the Foreign Debtors with the Commercial Court No.

2 in Seville Spain (the "Spanish Court") and (ii) an application for court homologation filed on March 18, 2016 in the Spanish Court seeking judicial homologation of a Standstill Agreement negotiated among the Foreign Debtors and their various lenders (collectively, the "Spanish Proceeding") (Docket No. 11).

3. On March 31, 2016, the Court entered an Order Granting Interim Provisional Relief (Docket No. 20), which provides, among other things, that the Foreign Debtors are entitled to provisional relief enjoining their domestic creditors from executing against the Foreign Debtors' assets or otherwise commencing any proceedings against the Foreign Debtors in the period prior the Court's consideration of the Recognition Motion, and setting a hearing date of April 27, 2016 in connection with the Recognition Motion.

4. On April 27, 2016, this Court entered a final order recognizing the Spanish Proceeding as a foreign main proceeding (Docket No. 71) (the "Recognition Order").

5. On or about November 16, 2016, Javier Ramirez Alarcon, in his capacity as the (substitute) proposed Foreign Representative of the Foreign Debtors (the "Proposed Foreign Representative") filed a motion for an order acknowledging him as the authorized foreign representative of the Foreign Debtors and empowering him with all powers to which he may be entitled to exercise under applicable law (Docket No. 140) (the "Foreign Representative Substitution Motion"). The Foreign Representative Substitution Motion is scheduled to be heard by this Court on December 6, 2016.

6. Prior the Petition Date and the commencement of the Spanish Proceeding, Abengoa, S.A. executed one or more General Contracts of Indemnity in favor of AIG, pursuant to which Abengoa, S.A. agreed, among other things, to indemnify AIG from and against loss arising out of the issuance of various bonds that AIG issued on behalf of Abengoa, S.A. or its

affiliates.  Thereafter, at the request of Abengoa, S.A., or its affiliates, AIG issued a number of bonds (the "Bonds") on behalf of Abengoa, S.A. AIG has received claims in connection with the Bonds.

**Objection**

7. In the Recognition and Enforcement Motion, the Proposed Foreign Representative seeks, among other things, an order:  (a) giving full force and effect in the United States to the order of the Spanish Court dated November 8, 2016, designated in the Recognition and Enforcement Motion as the "Homologation Order", which purportedly approved the so-called Maser Restructuring Agreement; and (b) permanently enjoining all parties from commencing or taking any action inconsistent with the Homologation Order within the territorial jurisdiction of the United States (the "Injunction").

8. AIG, along with a number of other sureties (sometimes referred to herein collectively as the "Sureties"), has filed, or will have filed by the return date of the Recognition and Enforcement Motion, in Spain, a challenge to the Homologation Order.

9. Until those challenges have been fully and finally adjudicated by the Spanish Court, the relief requested in the Recognition and Enforcement Motion is premature and should not be approved.

10. Further, the Injunction is overbroad and vague, as it purports to permanently enjoin any action that would interfere with or impede the administration, implementation and consummation of the Homologation Order or the Master Restructuring Agreement – a lengthy, complex, private agreement, which, as noted above, has not yet been finally approved by the Spanish Court.

11. It is respectfully submitted that any Order entered in connection with the Recognition and Enforcement Motion should provide, at a minimum, that:  (a) no entity,

3

including the Sureties, is prohibited from taking any action in Spain; (b) no entity, including the Sureties, is prohibited from taking any action against any non-Debtor or non-Foreign Debtor indemnitors; and (c) nothing in the Order shall be deemed to authorize the implementation of any transaction in the U.S. to the extent that any such transaction is or may be stayed as a result of the Sureties' challenge to the homologation of the Master Restructuring Agreement in Spain.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## **Conclusion**

WHEREFORE, AIG respectfully requests that the Court deny the Recognition and Enforcement Motion and grant such other relief as it deems proper.

Dated:  December 2, 2016  
       Wilmington, Delaware

Respectfully submitted,

   */s/ Thomas J. Francella, Jr.*  
Thomas J. Francella, Esq. (No. 3835)  
WHITEFORD, TAYLOR & PRESTON LLC  
The Renaissance Centre, Suite 500  
405 North King Street  
Wilmington, Delaware 19801  
Telephone:  (302) 353-4144  
Facsimile:  (302) 357-3272  
Email:  tfrancella@wtplaw.com

   - and –

Armen Shahinian, Esq.  
Scott A. Zuber, Esq.  
Brian Kantar, Esq.  
CHIESA SHAHINIAN & GIANTOMASI PC  
One Boland Drive  
West Orange, New Jersey 07052  
Telephone: (973) 325-1500  
Facsimile: (973) 530-2254

*Attorneys for AIG Insurance Company – Puerto Rico*