# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 15 |
| ) | |
| ABENGOA, S.A., *et al.*,[1] ) | Case No. 16-10754 (KJC) |
| ) | (Jointly Administered) |
| Debtors in a Foreign Proceeding. ) | |
| ) | RE: D.I. 143 |
| ) | |
| ) | Hearing Date: |
| ) | December 6, 2016 at 10:00a.m. (ET) |
| ) | Objection Deadline: |
| ) | December 2, 2016 at at 4:00 p.m. (ET) |

## LIMITED OBJECTION OF THE OFFICIAL COMMITTEES OF UNSECURED CREDITORS TO THE MOTION OF THE FOREIGN REPRESENTATIVE FOR AN ORDER UNDER 11 U.S.C. §§ 1507 AND 1521 RECOGNIZNG AND ENFORCING THE ORDER OF THE SPANISH COURT HOMOLOGATING A RESTRUCTURING AGREEMENT AND GRANTING RELATED RELIEF

The Official Committee of Unsecured Creditors (the "Committee") of Abeinsa Holding Inc. *et al.* (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this limited objection ("Objection") to the *Motion of the Foreign Representative for an Order under 11 U.S.C. §§ 1507 and 1521 Recognizing and Enforcing the Order of the Spanish Court Homologating a Restructuring Agreement and Granting Related Relief* [D.I. 143] (the "Motion") filed by the foreign representative (the "Foreign Representative") of the foreign debtors

---

[1] The name and last four digits in parentheses of the Employer Identification Number or Spanish Tax Number, as appropriate, for each Foreign Debtor follow: Abengoa, S.A. (7844); Abeinsa Asset Management, S.L. (formerly Abener Inversiones, S.L.) (4597); Abeinsa Inversiones Latam, S.L. (formerly Dimange Inversiones 2009, S.L.) (9680); Abeinsa, Ingeniería y Construcción Industrial, S.A. (1355); Abencor Suministros S.A. (9461); Negocios Industriales Y Comerciales, S.A. (5977); Abener Energía, S.A. (1759); Abengoa Bioenergía, S.A. (3249); Abeinsa Infraestructuras Medio Ambiente, S.A. (formerly Befesa Agua) (0792); Abengoa Finance, S.A. (0266); Abengoa Concessions, S.L. (8044); Abengoa Solar España, S.A. (formerly Solúcar Energía, S.A.) (5314); Abengoa Solar New Technologies S.A. (formerly Solúcar, Investigación y Desarrollo (Solúcar, R&D), S.A.) (2116); Abentel Telecomunicaciones, S.A. (0178); Asa Desulfuración, S.A. (formerly Befesa Desulfuración, S.A.) (0823); Bioetanol Galicia, S.A. (2146); Ecoagrícola, S.A. (1986); Instalaciones Inabensa, S.A. (2466); Europea de Construcciones Metálicas, S.A. (1303); Siema Technologies, S.L. (formerly Telvent Corporation) (3340); Teyma, Gestión de Contratos de Construcción e Ingeniería, S.A. (5852); Abengoa Water, S.L. (formerly Befesa Water Projects S.L) (6958); Abengoa Solar S.A. (formerly Solúcar Solar) (9982); Abengoa Greenfield S.A.U. (3677); Abengoa Greenbridge, S.A.U. (8452).

1

Abengoa, S.A. and certain of its non-U.S. Debtor subsidiaries and affiliates (collectively, the "Foreign Debtors").[2]

## BACKGROUND

1. On March 28, 2016, the Foreign Representative filed petitions for relief under chapter 15 of the Bankruptcy Code with respect to the Foreign Debtors, seeking recognition of the Foreign Debtors' proceeding in the Spanish Court (the "Spanish Proceeding") as a foreign main proceeding.

2. On April 27, 2016, the Court entered the *Order Recognizing Spanish Proceeding as a Foreign Main Proceeding and Granting Relief in Aid thereof* [D.I. 71] (the "Recognition Order"), which, among other things, recognized the Spanish Proceeding as a foreign main proceeding and granted additional relief.

3. On November 18, 2016, the Foreign Representative filed the Motion, seeking to (i) enforce the Homologation Order and MRA; (ii) enjoin all parties from commencing or taking any action inconsistent with the Homologation Order within the territorial jurisdiction of the United States; and (iii) declare that the offer and sale of the Securities to be issued in exchange for creditors' claims under the MRA is exempt from registration in accordance with section 1145 of the Bankruptcy Code.

## LIMITED OBJECTION

4. The Committee objects to the proposed order attached to the Motion to the extent it grants relief that exceeds the relief in the MRA or the Homologation Order. Specifically, the Committee believes that the proposed order should be clarified so that the injunction and the

---

[2] Capitalized terms used herein, but not otherwise defined shall have the meaning ascribed to such terms in the Motion or the Master Restructuring Agreement, as the context may require.

extension of the relief granted in the Recognition Order are not broader than the relief granted in the MRA or the Homologation Order.

## CONCLUSION

5. The Court should therefore approve the relief requested by the Foreign Representative only to the extent set forth in the MRA and the Homologation Order, which is the purported relief that the Foreign Debtors have requested.

Dated: December 2, 2016
Wilmington, DE

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
*/s/ Marcy J. McLaughlin*
Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
Marcy J. McLaughlin (No. 6184)
1201 North Market Street, Suite 1600
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

-and-

**HOGAN LOVELLS US LLP**

Christopher R. Donoho, III
Ronald J. Silverman
M. Shane Johnson
Raphaella S. Ricciardi
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Counsel to the Official Committee of Unsecured Creditors*