**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 15 |
| ) | |
| ABENGOA, S.A., *et al.*,[1] ) | Case No. 16-10754 (KJC) |
| Debtors in a Foreign Proceeding. ) | |
| ) | (Jointly Administered) |
| ) | **Hearing Date: December 6, 2016 at 10:00 a.m. ET** |
| ) | **Objection Deadline: N/A** |
| ) | |
| ) | **Related D.I.: 143, 153, 155, 156, 157, 158, & 159** |
| ) | |

**FOREIGN REPRESENTATIVE'S MOTION FOR LEAVE TO FILE LATE REPLY**
**BRIEF IN SUPPORT OF THE FOREIGN REPRESENTATIVE'S MOTION**
**FOR AN ORDER UNDER 11 U.S.C §§ 1507 AND 1521 RECOGNIZING AND**
**ENFORCING THE ORDER OF THE SPANISH COURT HOMOLOGATING A**
**RESTRUCTURING AGREEMENT AND GRANTING RELATED RELIEF**

Javier Ramírez Alarcón, in his capacity as the foreign representative (the "**Foreign Representative**") of foreign debtors Abengoa, S.A. ("**Abengoa**") and certain of its related subsidiaries and affiliates (collectively, the "**Foreign Debtors**"), in a foreign proceeding (the "**Spanish Proceeding**") pending in the Mercantile Court in Seville, Spain (the "**Spanish Court**"), by and through his undersigned counsel, DLA Piper LLP (US), respectfully submits this motion (the "**Motion**"), seeking entry of an order, substantially in the form attached to this

---

[1] The last four digits of the Employer Identification Number or Spanish Tax Number, as appropriate, for each debtor follow in parentheses: Abengoa, S.A. (7844); Abeinsa Asset Management, S.L. (formerly Abener Inversiones, S.L.) (4597); Abeinsa Inversiones Latam, S.L. (formerly Dimange Inversiones 2009, S.L.) (9680); Abeinsa, Ingeniería y Construcción Industrial, S.A. (1355); Abencor Suministros S.A. (9461); Negocios Industriales Y Comerciales, S.A. (5977); Abener Energía, S.A. (1759); Abengoa Bioenergía, S.A. (3249); Abeinsa Infraestructuras Medio Ambiente, S.A. (formerly Befesa Agua) (0792); Abengoa Finance, S.A. (0266); Abengoa Concessions, S.L. (8044); Abengoa Solar España, S.A. (formerly Solúcar Energía, S.A.) (5314); Abengoa Solar New Technologies S.A. (formerly Solúcar, Investigación y Desarrollo (Solúcar, R&D), S.A.) (2116); Abentel Telecomunicaciones, S.A. (0178); Asa Desulfuración, S.A. (formerly Befesa Desulfuración, S.A.) (0823); Bioetanol Galicia, S.A. (2146); Ecoagrícola, S.A. (1986); Instalaciones Inabensa, S.A. (2466); Europea de Construcciones Metálicas, S.A. (1303); Siema Technologies, S.L. (formerly Telvent Corporation) (3340); Teyma, Gestión de Contratos de Construcción e Ingeniería, S.A. (5852); Abengoa Water, S.L. (formerly Befesa Water Projects S.L) (6958); Abengoa Solar S.A. (formerly Solúcar Solar) (9982); Abengoa Greenfield S.A.U. (3677); Abengoa Greenbridge, S.A.U. (8452).

Motion as Exhibit A (the "**Proposed Order**"), granting the Foreign Representative leave to file a late reply (the "**Reply**") to the objections and a joinder in the objections (collectively, the "**Objections**") filed in response to the *Motion of the Foreign Representative for an Order Under 11 U.S.C. §§ 1507 and 1521 Recognizing and Enforcing the Order of the Spanish Court Homologating a Restructuring Agreement and Granting Related Relief* [D.I. 143] (the "**Enforcement Motion**"). In support of this Motion, the Foreign Representative respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over these chapter 15 cases under sections 1334 and 157 of Title 28 of the United States Code and the "Amended Standing Order of Reference" of the United States District Court for the District of Delaware (Sleet, C.J.), dated February 29, 2012.

2. The initial foreign representative properly commenced these cases under sections 1504 and 1515 of the Bankruptcy Code, and, on April 27, 2016, the Court entered the *Order Recognizing Spanish Proceeding As a Foreign Main Proceeding and Granting Relief in Aid Thereof* [D.I. 71], which recognized the Spanish Proceeding with respect to the Foreign Debtors.

3. This Motion is a core proceeding under section 157(b)(2)(P) of Title 28 of the United States Code.

4. Venue for these cases is proper in this Court under sections 1410(1) and 1410(3) of Title 28 of the United States Code.

5. The basis for the relief requested in this Motion is Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## RELEVANT BACKGROUND

6.  In furtherance of Abengoa Group's global restructuring efforts, which are described more fully in the Enforcement Motion, which is incorporated in this Motion by reference as if fully set forth here, the Foreign Debtors' initial foreign representative filed petitions for relief under chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**") with respect to the Foreign Debtors, seeking recognition of the proceeding in the Spanish Court as a foreign main proceeding. On that same day, the Foreign Debtors filed a motion for joint administration and an emergency motion for provisional relief. (*See* D.I. 3 & 6.) On March 31, 2016, the Bankruptcy Court entered an order, allowing the joint administration, and also granted the provisional relief, staying commencement or continuation of any legal proceeding or action against the Foreign Debtors within the territorial jurisdiction of the United States, entrusting the Foreign Debtors with the administration and realization of all of their assets located in the United States, prohibiting the right or power to transfer, encumber, or otherwise dispose of any assets of the Foreign Debtors, and scheduled a final hearing for April 27, 2016. (*See* D.I. 18 & 20.) On April 27, 2016, after overruling all filed objections, the Court entered a final order recognizing the Spanish Proceeding as a foreign main proceeding and granting the additional relief requested. (*See* D.I. 71.)

7.  On November 18, 2016, the Foreign Representative filed the Enforcement Motion, requesting that the Court provide additional assistance to the Foreign Representative under sections 1507 and 1521 of the Bankruptcy Code by entering an order recognizing and enforcing the Spanish Court's order homologating the Master Restructuring Agreement,[2]

---

[2] Capitalized terms not otherwise defined in this Motion have the meanings ascribed to such terms in the Enforcement Motion.

granting the Injunction, and declaring that the offer and sale of the Securities are exempt from registration under section 1145 of the Bankruptcy Code. A hearing on the Enforcement Motion is scheduled to take place on December 6, 2016, at 10:00 a.m. (prevailing Eastern Time). Objections to entry of an order approving the relief requested in the Enforcement Motion were due by 4:00 p.m. (prevailing Eastern Time) on December 2, 2016 (the "**Objection Deadline**"). Pursuant to Local Rule 9006-1(d), the Foreign Representative's Reply to the Objections was due 4:00 p.m. on December 1, 2016. The time allotted to parties in interest for filing their objections, however, did not allow the Foreign Representative to file a timely Reply.

### RELIEF REQUESTED

8.    By this Motion, the Foreign Representative respectfully requests entry of an order granting the Foreign Representative leave to file a late reply to the Objections on or before December 5, 2016.

### BASIS FOR RELIEF REQUESTED

9.    Local Rule 9006-1(d) provides that "[r]eply papers by the movant, or any party that has joined the movant, may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." DEL. BANKR. L.R. 9006-1(d). Local Rule 9029-3(a) requires that agendas be filed by 12:00 p.m. two business days prior to the hearing. DEL. BANKR. L.R. 9029-3(a).

10.    The hearing on the Enforcement Motion, and the Objections to it, is currently scheduled for December 6, 2016 (the "**Hearing**"). Therefore, under Local Rule 9029-3(a), the deadline to file an agenda for the Hearing was December 2, 2016, at 12:00 p.m. (prevailing Eastern Time), and the deadline to file a reply was December 1, 2016, at 4:00 p.m. (prevailing

4

Eastern Time), prior to the expiration of the Objection Deadline.

11. The Foreign Representative set the Objection Deadline for December 2, 2016, to allow all parties in interest ample time to formulate and present their issues and concerns with respect to the relief requested in the Enforcement Motion. The Foreign Representative did so in an effort to facilitate fruitful discussions between the parties with respect to same in advance of the Hearing, with the goal of resolving, or at least narrowing the scope of, the potential objections prior to the Hearing on the Enforcement Motion.

12. On December 2, 2016, objections and a joinder were filed by the following parties: (i) AIG Insurance Company—Puerto Rico ("**AIG**") [D.I. 155], (ii) Atlantic Specialty Insurance Company and its Affiliates OneBeacon Insurance Group and OneBeacon Surety ("**Atlantic Specialty**") [D.I. 156], (iii) RLI Insurance Company ("**RLI**") [D.I. 158], and (iv) Joinder of Nationwide Mutual Insurance Company ("**Nationwide**") to the objection of AIG Insurance Company—Puerto Rico [D.I. 159]. The Official Committee of Unsecured Creditors of the chapter 11 cases of *Abeinsa Holding Inc.*, et al. (the "**Committee**," and together with AIG, Atlantic Specialty, RLI, and Nationwide, the "**Objecting Parties**") filed a limited objection [D.I. 157].

13. In these circumstances, cause exists to grant the Foreign Representative leave to file his Reply to the Objections late. By delaying drafting and filing the Reply prior to the Foreign Representative's receipt of the formal Objections, the Foreign Representative was able to be a more meaningful and active participant in discussions with the Objecting Parties, which resulted in the Revised Proposed Order that has addressed and resolved certain objections from the Objecting Parties, was able to narrow the issues to be presented to the Court, and was better positioned to respond fully through the Reply to any outstanding Objections to the relief

requested in the Enforcement Motion.

14. Additionally, the Foreign Representative submits that no party in interest will be prejudiced if he is permitted to file the Reply late, and the Foreign Representative believes that the Objecting Parties and the Court would benefit from the Foreign Representative's written reply to the Objections in advance of the Hearing.

## NOTICE

15. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the parties who filed Objections, including counsel to the Committee; and (iii) all parties that have requested notice in these chapter 15 cases under Bankruptcy Rule 2002. The Foreign Representative submits that, in light of the relief requested, no other or further notice need be given.

WHEREFORE, the Foreign Representative respectfully requests entry of an order substantially in the form attached to this Motion as Exhibit A, granting the Foreign Representative leave to file a late Reply to the Objections and granting such other and further relief as is just and proper.

*[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]*

6

EAST\137892369.1

Dated:  Wilmington, Delaware
        December 5, 2016

Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ R. Craig Martin*
    R. Craig Martin, Esq. (Bar No. 5032)
    1201 North Market Street, 21st Floor
    Wilmington, DE 19801
    Telephone: 302.468.5700
    Facsimile:  302. 778.7834
    E-mail: Craig.Martin@dlapiper.com

- and -

Richard A. Chesley, Esq.
Oksana Koltko Rosaluk, Esq.
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
Telephone: 312.368.4000
Facsimile: 312.236.7516
E-mail: Richard.Chesley@dlapiper.com
       Oksana.KoltkoRosaluk@dlapiper.com

*Attorneys for Foreign Representative of Foreign Debtors, Abengoa, S.A. and its related subsidiary petitioners*