# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 15 |
| ABENGOA, S.A., *et al.*,[1] ) | |
| ) | Case No. 16-10754 (KJC) |
| Debtors in a Foreign Proceeding. ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | Related D.I.: 143, 153, 155, 156, 157, 158, 159, 161, & |
| ) | 162, 168 |
| ) | |

## ORDER UNDER 11 U.S.C. §§ 1507 AND 1521 RECOGNIZING AND ENFORCING THE ORDER OF THE SPANISH COURT HOMOLOGATING A RESTRUCTURING AGREEMENT AND GRANTING RELATED RELIEF

Upon consideration of the *Motion of the Foreign Representative for an Order Under 11 U.S.C. §§1507 and 1521 Recognizing and Enforcing the Order of the Spanish Court Homologating a Restructuring Agreement and Granting Related Relief* [D.I. 143] (the "**Motion**") filed by Javier Ramírez Alarcón, in his capacity as the proposed foreign representative (the "**Foreign Representative**") of foreign debtors, Abengoa, S.A. and certain of its related subsidiaries and affiliates (the "**Foreign Debtors**") in a foreign proceeding (the "**Spanish Proceeding**") pending in the Mercantile Court in Seville, Spain (the "**Spanish Court**"), the *Declaration of Jaime Cano Ruiz in Support of the Foreign Representative's Motion*

---

[1]    The last four digits of the Employer Identification Number or Spanish Tax Number, as appropriate, for each debtor follow in parentheses: Abengoa, S.A. (7844); Abeinsa Asset Management, S.L. (formerly Abener Inversiones, S.L.) (4597); Abeinsa Inversiones Latam, S.L. (formerly Dimange Inversiones 2009, S.L.) (9680); Abeinsa, Ingeniería y Construcción Industrial, S.A. (1355); Abencor Suministros S.A. (9461); Negocios Industriales Y Comerciales, S.A. (5977); Abener Energía, S.A. (1759); Abengoa Bioenergía, S.A. (3249); Abeinsa Infraestructuras Medio Ambiente, S.A. (formerly Befesa Agua) (0792); Abengoa Finance, S.A. (0266); Abengoa Concessions, S.L. (8044); Abengoa Solar España, S.A. (formerly Solúcar Energía, S.A.) (5314); Abengoa Solar New Technologies S.A. (formerly Solúcar, Investigación y Desarrollo (Solúcar, R&D), S.A.) (2116); Abentel Telecomunicaciones, S.A. (0178); Asa Desulfuración, S.A. (formerly Befesa Desulfuración, S.A.) (0823); Bioetanol Galicia, S.A. (2146); Ecoagrícola, S.A. (1986); Instalaciones Inabensa, S.A. (2466); Europea de Construcciones Metálicas, S.A. (1303); Siema Technologies, S.L. (formerly Telvent Corporation) (3340); Teyma, Gestión de Contratos de Construcción e Ingeniería, S.A. (5852); Abengoa Water, S.L. (formerly Befesa Water Projects S.L) (6958); Abengoa Solar S.A. (formerly Solúcar Solar) (9982); Abengoa Greenfield S.A.U. (3677); Abengoa Greenbridge, S.A.U. (8452).

*Seeking Recognition and Enforcement of the Spanish Court's Order Homologating the Restructuring Agreement and Other Relief* [D.I. 153], *Reply Brief in Support of the Foreign Representative's Motion for an Order Under 11 U.S.C. §§1507 and 1521 Recognizing and Enforcing the Order of the Spanish Court Homologating a Restructuring Agreement and Granting Related Relief* [D.I. 162], as well as upon consideration of the evidence submitted at the hearing on the Motion; and upon consideration of all objections, joinders in objections, responses, or oppositions to the Motion, and after due and sufficient notice of and hearing on the Motion, the Court finds and concludes as follows:

    a.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District under 28 U.S.C. § 1410(1) and (3);

    b.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constituted findings of fact, they are adopted as such;

    c.    Notice of the hearing on the Motion was sufficient under the circumstances and no further or other notice of the Motion or the hearing on the Motion is necessary or required;

    d.    These chapter 15 cases were properly commenced and in accordance with 11 U.S.C. § 1504;

    e.    The Spanish Proceeding is a foreign proceeding under 11 U.S.C. § 101(23);

EAST\137280065.7

f. The Foreign Representative and the Foreign Debtors, as applicable, are further entitled to the additional assistance and discretionary relief requested in the Motion under 11 U.S.C. §§ 1507 and 1521;

g. Absent relief, the Spanish Proceedings and the Foreign Debtors' efforts to consummate their restructuring plan may be thwarted by the actions of certain creditors, or by the failure of certain parties to take actions necessary to consummate the Homologation Order[2] and the Master Restructuring Agreement, which results are at odds with the purposes of chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**") as set forth, inter alia, in 11 U.S.C. § 1501(a). Such results could threaten, frustrate, delay, and ultimately jeopardize the Spanish Proceedings and the implementation of the contemplated restructuring in such proceedings;

h. The relief sought by the Motion will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Foreign Representative, the Foreign Debtors, and their creditors;

i. The relief granted in this Order is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted under 11 U.S.C. §§ 362, 1504, 1507, 1509, 1517, 1520, 1521, 1525, 1527, and 105(a);

j. All relief granted in this Order is necessary to effectuate the purpose of chapter 15 of the Bankruptcy Code and to protect the assets of the Foreign Debtors and the interests of their creditors; and

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

k. All creditors and other parties in interest, including the Foreign Debtors, are sufficiently protected in the grant of the relief ordered hereby in compliance with 11 U.S.C. § 1522(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Motion is GRANTED as set forth in this Order;

2. All objections to the relief requested in the Motion have been overruled, withdrawn, waived, settled, or resolved;

3. The Homologation Order is given full force and effect in the United States under 11 U.S.C. §§ 1507 and 1521;

4. All entities (as that term is defined in 11 U.S.C. § 101(15) that hold claims (as that term is defined in 11 U.S.C. § 101(5)) that are modified or compromised by, or otherwise are subject to, the Master Restructuring Agreement or the Homologation Order (collectively, the **"Affected Claims"**), other than the Foreign Debtors and their expressly authorized representatives and agents, to the extent provided in the Master Restructuring Agreement or the Homologation Order, are hereby enjoined from:

   i. Execution against any of the Foreign Debtors' assets;

   ii. The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, which in either case in any way relates to or would interfere with, the administration of the Foreign Debtors' estates in the Spanish Proceedings, including without limitation any and all unpaid judgments, settlements, notes or otherwise against the Foreign Debtors in the United States;

  iii. Taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Foreign Debtors or any of their property;

  iv. Transferring, relinquishing, or disposing of any property of the Foreign Debtors to any entity (as that term is defined in 11 U.S.C. § 101(15)) other than the Foreign Representative; and

  v. Commencing or continuing an individual action or proceeding concerning the Foreign Debtors' assets, rights, obligations, or liabilities to the extent they have not been stayed pursuant to 11 U.S.C. §§ 1520(a) and 362;

*provided,* in each case, that such injunction shall be effective solely within the territorial jurisdiction of the United States. Notwithstanding anything within this order, parties shall retain the right to seek a modification or lifting of the automatic stay;

 5. So long as these chapter 15 cases remain open, the relief granted in the *Order Granting Provisional Relief* [D.I. 20] and the *Order Recognizing Spanish Proceeding As a Foreign Main Proceeding and Granting Relief in Aid Thereof* [D.I. 71] will continue in full force and effect, specifically:

  i. No person or entity may (a) commence or continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative, or regulatory proceeding or arbitration) or action against the Foreign Debtors, their assets located in the United States, or the proceeds thereof; (b) enforce any judicial, quasi-judicial, administrative, or regulatory judgment, assessment, or order or arbitration award against the Foreign Debtors; (c) commence or continue any legal proceeding or action to

        create, perfect, or enforce any lien, setoff, or other claim against the Foreign Debtors or against any of their assets located in the United States or the proceeds thereof; and (d) exercise any control over the Foreign Debtors' assets located in the United States except as authorized by the Foreign Debtor that owns the asset in writing, in each case that is inconsistent with the Master Restructuring Agreement or the Homologation Order.

    ii.    The Foreign Representative is granted the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States during these chapter 15 cases. No action taken during such period by the Foreign Representative, or his agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Spanish Proceedings, this Order, these chapter 15 cases, any adversary proceeding, or any further proceeding commenced in these chapter 15 cases shall be deemed to constitute a waiver of the immunity afforded such person under 11 U.S.C. §§ 306 or 1510.

6.    The Homologation Order is granted comity and recognized within the territorial jurisdiction of the United States in all respects and shall be fully enforceable pursuant to its terms. Without limiting the foregoing, no person or entity that is a holder of Affected Debt (as such term is defined in the Master Restructuring Agreement or as such term may be determined or defined by any order of the Spanish Court entered with respect to the Homologation Order or the Master Restructuring Agreement), with regard to the Affected Claims, may (a) commence or

continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative, or regulatory proceeding or arbitration) or action against the Foreign Debtors, their assets located in the United States, or the proceeds thereof; (b) enforce any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Foreign Debtors in the United States; (c) commence or continue any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Foreign Debtors or against any of their assets located in the United States or the proceeds thereof; (d) exercise any control over the Foreign Debtors' assets located in the United States except as authorized by the Foreign Debtor that owns the asset in writing; and (e) take any action (including, without limitation, commencing or continuing any action or legal proceeding, whether in court, arbitration, mediation or any judicial or quasi-judicial, administrative, or regulatory action, proceeding, or process whatsoever) in the United States that would interfere with or impede the administration, implementation, and consummation of the Homologation Order or the Master Restructuring Agreement;

7. Nothing in this Order, nor any statement or order issued orally by this Court, shall prejudice, preclude, or affect the rights or abilities of any creditor to take any and all actions in the Spanish Proceedings that a creditor in such proceedings, in its sole discretion, deems advisable, including without limitation, to challenge the homologation of the Master Restructuring Agreement;

8. The Securities to be issued by Abengoa, S.A. will be issued to Holders of Affected Debt in exchange, settlement, and satisfaction of such claims against the Foreign Debtors held by those holders of Affected Debt. By virtue of 11 U.S.C. § 1521 and in the alternative 11 U.S.C. § 1507, 11 U.S.C. § 1145 applies in these cases such that Abengoa, S.A.'s

issuance of Class A Shares and Class B Shares under the Master Restructuring Agreement is exempt from registration under the Securities Act of 1933 and under other applicable state securities laws;

9. Nothing herein shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding;

10. Notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules to the contrary, including, but not limited to Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative or the Foreign Debtors are authorized and empowered, and may in his or their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order; and

11. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion or this Order.

Dated: Dec 8, 2016
Wilmington, Delaware

HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE